19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RESOLUTION TRUST CORPORATION, as conservator for Lincoln
Savings and Loan, F.A., a federal savings and loan
association, Plaintiff-counter-defendant-Appellee,
v.
SOCIETE DE BANQUE PRIVEE, f/k/a Saudi European Bank, S.A., a
French company, now known as Societe D'Analyses et
D'Etudes Bretonneau,
Defendant-counter-claimant-Appellant.
 No. 93-15335.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided March 15, 1994.
 
 1
 Before: FERNANDEZ and ALARCON, Circuit Judges, and HILL, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Societe de Banque Privee ("Banque Privee") appeals the district court's grant of summary judgment in favor of the Resolution Trust Corporation ("RTC"), as conservator for Lincoln Savings and Loan, F.A. The RTC is prosecuting this action on behalf of Lincoln, F.A., as its conservator. The RTC filed this action under 12 U.S.C. Sec. 1441a(11) to recover $8 million that Lincoln Savings and Loan Association (Lincoln) had deposited with the Banque Privee in certificates of deposit. As counterclaims and offsets, Banque Privee sought its pro rata share of loan payments due from the RTC pursuant to loan participation agreements made between Banque Privee and Lincoln. We affirm.
 
 A. The Notice of Appeal
 
 4
 The premature filing by Banque Privee of its notice of appeal is curable under Fed.R.App.P. 4(a)(2). The RTC moved for summary judgment on all remaining claims. By granting that motion in its entirety, the district court purported to dispose of all claims in the action, and thereby issued "a decision that would [have] be[en] appealable if immediately followed by the entry of judgment"--a decision which Banque Privee also reasonably considered to be final. FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276, 111 S.Ct. 648, 653, 112 L.Ed.2d 743 (1991) (emphasis omitted). This is sufficient under FirsTier to invoke the relation forward provision of Rule 4(a)(2) and rescue the premature notice of appeal.
 
 
 5
 The notice of appeal's reference to a singular ruling does not limit this court's review, either. Although Fed.R.App.P. 3(c) requires an appellant to "designate the judgment, order or part thereof appealed from" in its notice of appeal, the Supreme Court has determined that "a notice of appeal from a Rule 4(a)(2) 'decision'--that is, a decision that would be appealable if immediately followed by the entry of judgment--sufficiently manifests an intent to appeal from the final judgment for purposes of Rule 3(c)." FirsTier, id. at 276 n. 6, 111 S.Ct. at 653 n. 6. Since the final summary judgment ruling was just the last step in a process leading to the final judgment which, itself, disposed of all issues, Banque Privee's specification of the order alone in the notice of appeal manifested the bank's intent to appeal the entire judgment. We therefore review the propriety of the district court's various orders which led to that judgment.
 
 
 6
 B. The Initial Grant of Summary Judgment and Its Set Aside
 
 
 7
 Under Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993), a district court abuses its discretion by granting a motion for summary judgment pursuant to Arizona Local Rule 11(i) "where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." The district court did not abuse its discretion in this instance, however, because the RTC's papers were sufficient to support granting the motion, as the district court found. Moreover, in light of Henry's determination that Arizona Local Rule 11(i), which allows the district court (in its discretion) to grant a motion for summary judgment where no opposition is timely filed and served, is consistent with the Federal Rules of Civil Procedure, it cannot now be said that the rule is unconstitutional.
 
 
 8
 Banque Privee's claim that judgment against it was a discovery sanction is incorrect. The district court specifically granted summary judgment in the first instance pursuant to Local Rule 11 and due to the fact that the motion appeared well-taken, and in the second instance "[b]ecause the relevant facts ... [were] not disputed." To the extent the district court noted the bank's failure to provide discovery, it was solely in connection with the RTC's assertions, and not the basis for the court's ruling. The district court's dismissal of the bank's counterclaim was therefore not a discovery sanction, as the bank contends.
 
 
 9
 Banque Privee complains because the district court did agree to set aside the first summary judgment, but only in part. Given the manner in which Banque Privee conducted this litigation before current counsel became of record, we are of the opinion that the district court, after it made its extensive analysis of the situation, could properly have denied any reopening of the first summary judgment. Thus, we fail to see how Banque Privee was prejudiced by the court's decision to open it only in part.
 
 
 10
 C. Evidentiary Rulings in Connection with Second Summary Judgment
 
 
 11
 The bank's contentions that the court impermissibly, without notice, struck the report of its expert on the act of state doctrine and refused to consider its arguments under French law because of its failure to respond to discovery are incorrect. The district court's striking of that portion of Mr. Parker's declaration which authenticated the expert's report was in response to objections filed by the RTC with its reply and served on the bank. The bank cannot be heard to say now that it had no "notice." Moreover, even if the district court erred by striking a portion of the authenticating declaration, that error would not mandate reversal. The bank would have suffered no prejudice thereby, because the court found that the report's abstract discussion of French law was not even relied upon in the bank's papers, and that the report had no real persuasive value.
 
 D. The Act of State Doctrine Does Not Apply
 
 12
 Under the act of state doctrine, "courts will not examine the validity of acts of foreign states--even if in conflict with our notions of justice--if those acts are executed within the foreign state's territory." Tchacosh Co. v. Rockwell Int'l Corp., 766 F.2d 1333, 1335-36 (9th Cir.1985). In other words, the doctrine "prohibits [a] U.S. court [ ] from reaching the merits of an issue--even though [it] otherwise ha[s] jurisdiction--in order to avoid embarassment of foreign governments in politically sensitive matters and interference with the conduct of our own foreign policy." West v. Multibanco Comermex, S.A., 807 F.2d 820, 827 (9th Cir.), cert. denied, 482 U.S. 906, 107 S.Ct. 2483, 96 L.Ed.2d 375 (1987). The doctrine does not apply unless (1) a court is required "to judge the validity of the public acts of a sovereign state," (2) "performed within its own territory," Callejo v. Bancomer, S.A., 764 F.2d 1101, 1113 (5th Cir.1985); (3) in order "to give effect to [the foreign state's] public interests." Timberlane Lumber Co. v. Bank of America, N.T. & S.A., 549 F.2d 597, 607 (9th Cir.1976). "The crucial element in determining whether deference should be accorded in any given case" under the act of state doctrine is "the potential for interference with our foreign relations." Id. Since Banque Privee invokes the doctrine as an affirmative defense, it bears the burden of proving the doctrine's applicability. See Alfred Dunhill of London, Inc. v. Cuba, 425 U.S. 682, 694, 96 S.Ct. 1854, 1861, 48 L.Ed.2d 301 (1975).
 
 
 13
 "Act of state issues only arise when a court must decide --that is, when the outcome of a case turns upon--the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine. That is the situation here." W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp. Int'l, 493 U.S. 400, 409-10, 110 S.Ct. 701, 705, 107 L.Ed.2d 816 (1990) (emphasis in original). The act of state doctrine "does not bestow a blank-check immunity upon all conduct blessed with some imprimatur of a foreign government." Timberlane, 549 F.2d at 606. Although "[a]cts of business [may] become effectively acts of the sovereign" where "corporate conduct ... is compelled by a foreign sovereign" and the corporations "have no choice but to obey" the sovereign's order, that is not the case here. Id. (internal quotations omitted).
 
 
 14
 The record does not establish that the French banking authority compelled Banque Privee to repudiate its obligations to the RTC. At most the evidence shows that the Bank of France pushed Banque Privee to consummate a sale Banque Privee had itself initiated upon concluding that it could not sufficiently recapitalize the bank to comport with French law and the Bank of France's request. The evidence does not indicate that the French banking authority forced Banque Privee to sell in the first place to Bouyges or anyone else under terms which would eradicate payment to the RTC. Rather, it was the negotiations between two private parties, Bouyges and Banque Privee, which created the purchase agreement and its terms. Since the Bank of France neither ordered the sale to Bouyges nor compelled the terms pursuant to which it was consummated, no "act of state" exists to preclude payment to the RTC. We therefore affirm the district court's grant of summary judgment as to the bank's act of state defense.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The Honorable Irving Hill, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3