# FIRSTIER MORTGAGE CO., aka REALBANC, INC. *v.* INVESTORS MORTGAGE INSURANCE CO.

No. 89–1063.   Argued October 10, 1990—Decided January 15, 1991

MARSHALL, J., delivered the opinion for a unanimous Court. KEN-
NEDY, J., filed a concurring opinion, *post*, p. 278.

*Jack S. Dawson* argued the cause for petitioner. With
him on the briefs was *Janice M. Dansby*.

*John P. Roberts* argued the cause for respondent. With
him on the brief was *Eric S. Gray*.

JUSTICE MARSHALL delivered the opinion of the Court.

Federal Rule of Appellate Procedure 4(a)(2) provides that
a "notice of appeal filed after the announcement of a decision
or order but before the entry of the judgment or order shall
be treated as filed after such entry and on the day thereof."
In this case, petitioner filed its notice of appeal after the
District Court announced from the bench that it intended to
grant summary judgment for respondent, but before entry of
judgment and before the parties had, at the court's request,
submitted proposed findings of fact and conclusions of law.
The question presented is whether the bench ruling is a "de-
cision" under Rule 4(a)(2). We hold that it is.

I

Respondent, Investors Mortgage Insurance Co. (IMI), is-
sued eight insurance policies to petitioner, FirsTier Mort-
gage Co. (FirsTier). The parties intended these policies to
insure FirsTier for the risk of borrower default on eight real
estate loans that FirsTier had made. After the eight bor-
rowers defaulted, FirsTier submitted claims on the policies,
which IMI refused to pay. Invoking the District Court's di-
versity jurisdiction under 28 U. S. C. § 1332, FirsTier filed
suit, seeking damages for IMI's alleged breach of contract
and breach of its duty of good faith and fair dealing.

On January 26, 1989, the District Court held a hearing on
IMI's motion for summary judgment. After hearing argu-
ment from counsel, the District Court announced from the
bench that it was granting IMI's motion. The judge stated

that FirsTier's eight policies had been secured from IMI through fraud or bad faith and therefore were void:

> "I find that the policies should be and are cancelled as void for want of *[sic]* fraud, bad faith. The Court has heard no evidence in the matter of this hearing to change its mind from holding that the policies are void.
>
> "Of course in a case of this kind, the losing party has a right to appeal. If the Court happens to be wrong, I don't think I am, but if the Court happens to be wrong, it could be righted by the Circuit.
>
> "The Court does find that [IMI] relied on the package [of information furnished by FirsTier] in each of these loans and the package was not honest. In fact it was dishonest. The dishonesty should and does void the policy." App. 27.

The District Court then requested that IMI submit proposed findings of fact and conclusions of law to support the ruling, adding that FirsTier would thereafter be permitted to submit any objections it might have to IMI's proposed findings:

> "The Court will then look at what you submit as your suggestion and it is your suggestion only. The Court then will modify, add to it, delete and write its own findings of fact and conclusions of law and judgment in each of these eight policies that we have talked about.
>
> .    .    .    .    .
>
> "And if [FirsTier] cares to do so, within five days you may file with the Court your objection or suggestion wherein you find that the suggestions of [IMI] are in error, if you care to do so." *Ibid.*

Finally, the District Court clarified that its ruling extinguished both FirsTier's claim for breach of contract and FirsTier's claim for breach of the duty of good faith and fair dealing. *Id.*, at 28.

FirsTier filed its notice of appeal on February 8, 1989, identifying the January 26 bench ruling as the decision from which it was appealing. On March 3, 1989, the District Court issued its findings of fact and conclusions of law in support of its ruling that IMI was entitled to summary judgment. In a separate document, also dated March 3, 1989, the District Court entered judgment. See Fed. Rule Civ. Proc. 58 (requiring that "[e]very judgment shall be set forth on a separate document").

After notifying the parties that it was considering dismissing FirsTier's appeal for lack of jurisdiction, the Court of Appeals requested that the parties brief two issues: first, whether the February 8 notice of appeal was filed prematurely; and, second, whether the January 26 bench ruling was a final decision appealable under 28 U. S. C. § 1291. See App. to Pet. for Cert. B–2. The Court of Appeals dismissed the appeal on the ground that the January 26 decision was not final under § 1291. The court did not address whether FirsTier's notice of appeal could be effective as a notice of appeal from the March 3 final judgment despite the fact that it identified the January 26 ruling as the ruling appealed from. See id., at A–2. We granted certiorari, 494 U. S. 1003 (1990), and now reverse.

II

The issue before us is whether FirsTier's February 8 notice of appeal is fatally premature. Federal Rule of Appellate Procedure 4(a)(1) requires an appellant to file its notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." See also 28 U. S. C. § 2107. In this case, FirsTier filed its notice of appeal close to a month before entry of judgment. However, under Federal Rule of Appellate Procedure 4(a)(2) a notice of appeal "filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after

such entry and on the day thereof."[1]   Added to the Federal Rules in 1979, Rule 4(a)(2) was intended to codify a general practice in the courts of appeals of deeming certain premature notices of appeal effective.   See Advisory Committee's Note on Fed. Rule App. Proc. 4(a)(2), 28 U. S. C. App., p. 516.   The Rule recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal.   See *In re Grand Jury Impaneled Jan. 21, 1975*, 541 F. 2d 373, 377 (CA3 1976) (cited with approval in Advisory Committee's Note on Fed. Rule App. Proc. 4(a)(2), *supra*, at 516); *Hodge* v. *Hodge*, 507 F. 2d 87, 89 (CA3 1975) (same).

IMI maintains that the relation forward provision of Rule 4(a)(2) rescues a premature notice of appeal only if such notice is filed after the announcement of a decision that is "final" within the meaning of 28 U. S. C. § 1291.[2]   IMI further contends that the January 26 bench ruling did not constitute a final decision.   For a ruling to be final, it must "en[d] the litigation on the merits," *Catlin* v. *United States*, 324 U. S. 229,

---

[1] Rule 4(a)(2) applies "[e]xcept as provided in (a)(4) of this Rule."   Rule 4(a)(4) states, in pertinent part:

"If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect.   A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."

[2] Section 1291 provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

233 (1945) (citation omitted),[3] and the judge must "clearly declar[e] his intention in this respect," *United States* v. *F. & M. Schaefer Brewing Co.*, 356 U. S. 227, 232 (1958). IMI contends that the judge did not clearly intend to terminate the litigation on the merits. Although the judge stated from the bench his legal conclusions about the case, he also stated his intention to set forth his rationale in a more detailed and disciplined fashion at a later date. Moreover, the judge did not explicitly exclude the possibility that he might change his mind in the interim.

We find it unnecessary to resolve this question whether the bench ruling was final. For we believe the Court of Appeals erred in its threshold determination that a notice of appeal filed from a bench ruling can only be effective if the bench ruling is itself a final decision. Rather, we conclude that Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment.[4]

To support its contention that Rule 4(a)(2) cannot permit a premature notice of appeal from a nonfinal decision, IMI relies on Federal Rule of Appellate Procedure 1(b). Rule 1(b) provides that the appellate Rules "shall not be construed to extend or limit the jurisdiction of the courts of appeals as established by law." According to IMI, construing Rule

---

[3] An exception to this general principle, not applicable here, is the "collateral order doctrine," which permits appeals under § 1291 from a small class of rulings that do not end the litigation on the merits. See *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 545–547 (1949).

[4] Rule 4(a)(2) refers to "a notice of appeal filed after the announcement of a *decision or order* but before the entry of *the judgment or order*" (emphasis added). Thus, under the Rule, a premature notice of appeal relates forward to the date of entry of a final "judgment" only when the ruling designated in the notice is a "decision" for purposes of the Rule. We define "decision" with this situation in mind. We offer no view on the meaning of the term "order" in Rule 4(a)(2) or on the operation of the Rule when the jurisdiction of the court of appeals is founded on a statute other than § 1291.

4(a)(2) to cure premature notices of appeal from nonfinal decisions would contravene Rule 1(b) by enlarging appellate jurisdiction beyond that conferred by 28 U. S. C. § 1291, the relevant jurisdictional statute.

IMI misinterprets Rule 4(a)(2). Under Rule 4(a)(2), a premature notice of appeal does not ripen until judgment is entered. Once judgment is entered, the Rule treats the premature notice of appeal "as filed after such entry." Thus, even if a bench ruling in a given case were not "final" within the meaning of § 1291, Rule 4(a)(2) would not render that ruling appealable in contravention of § 1291. Rather, it permits a premature notice of appeal from that bench ruling to relate forward to judgment and serve as an effective notice of appeal *from the final judgment.*

In our view, this interpretation of Rule 4(a)(2) best comports with its drafters' intent, as cases cited in the Advisory Committee's Note on Rule 4(a)(2) confirm. For example, in *Ruby* v. *Secretary of Navy,* 365 F. 2d 385 (CA9 1966), cert. denied, 386 U. S. 1011 (1967), the appellant filed his notice of appeal from an order of the District Court that dismissed the complaint without dismissing the action. The Court of Appeals determined that the ruling was not a final decision under § 1291, because the ruling left open an opportunity for the appellant to save his cause of action by amending his complaint. 365 F. 2d, at 387. Nonetheless, the court ruled that the notice of appeal from the nonfinal ruling could serve as a notice of appeal from the subsequently filed final order dismissing the action. *Id.,* at 387–389.

The Advisory Committee's Note also cites *Firchau* v. *Diamond National Corp.,* 345 F. 2d 269 (CA9 1965), a case relied on by *Ruby.* In *Firchau,* the District Court dismissed the appellant's complaint without dismissing the action. The appellant then filed a notice seeking to appeal from the District Court's ruling with respect to one of the claims in the complaint. The Court of Appeals noted that the ruling dismissing the complaint might not have been appealable but none-

theless held that the notice of appeal could be regarded as a notice from the subsequent final judgment dismissing the case. See 345 F. 2d, at 270–271. *Ruby, Firchau,* and the other cases cited by the Advisory Committee[5] suggest that Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment.

This is not to say that Rule 4(a)(2) permits a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 of the Federal Rules of Civil Procedure—to serve as a notice of appeal from the final judgment. A belief that such a decision is a final judgment would *not* be reasonable. In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise. Little would be accomplished by prohibiting the court of appeals from reaching the merits of such an appeal. See *Hodge,* 507 F. 2d, at 89.[6]

---

[5] See *In re Grand Jury Impaneled Jan. 21, 1975,* 541 F. 2d 373 (CA3 1976); *Hodge* v. *Hodge,* 507 F. 2d 87 (CA3 1975); *Song Jook Suh* v. *Rosenberg,* 437 F. 2d 1098 (CA9 1971).

[6] Federal Rule of Appellate Procedure 3(c) requires that the appellant "designate the judgment, order or part thereof appealed from." As we have recognized, however, Rule 3(c)'s judgment-designation requirement is to be construed "in light of all the circumstances." *Torres* v. *Oakland Scavenger Co.,* 487 U. S. 312, 316 (1988); see *Foman* v. *Davis,* 371 U. S. 178 (1962). In *Foman,* we established that a notice of appeal that designates a postjudgment motion should be treated as noting an appeal from the final judgment when the appellant's intention to appeal the final judgment is sufficiently "manifest" that the appellee is not misled. See *id.,* at 181. In our view, a notice of appeal from a Rule 4(a)(2) "decision"—that

Applying this principle to the case at hand, we conclude that the District Court's January 26 bench ruling was a "decision" for purposes of Rule 4(a)(2). Even assuming that the January 26 bench ruling was not final because the District Court could have changed its mind prior to entry of judgment, the fact remains that the bench ruling did announce a decision purporting to dispose of all of FirsTier's claims. Had the judge set forth the judgment immediately following the bench ruling, and had the clerk entered the judgment on the docket, see Fed. Rules Civ. Proc. 58 and 79(a), there is no question that the bench ruling would have been "final" under § 1291. Under such circumstances, FirsTier's belief in the finality of the January 26 bench ruling was reasonable, and its premature February 8 notice therefore should be treated as an effective notice of appeal from the judgment entered on March 3.[7]

In reaching our conclusion, we observe that this case presents precisely the situation contemplated by Rule 4(a)(2)'s drafters. FirsTier's confusion as to the status of the litigation at the time it filed its notice of appeal was understandable. By its February 8 notice of appeal, FirsTier clearly sought, albeit inartfully, to appeal from the judgment that in fact was entered on March 3. No unfairness to IMI results from allowing the appeal to go forward.

## III

Because the District Court rendered a final judgment on March 3, and because, by virtue of Rule 4(a)(2), FirsTier's February 8 notice of appeal constituted a timely notice of appeal from that judgment, the Court of Appeals erred in dismissing FirsTier's appeal. Accordingly, the judgment of

---

is, a decision that would be appealable if immediately followed by the entry of judgment—sufficiently manifests an intent to appeal from the final judgment for purposes of Rule 3(c).

[7] Because FirsTier did not file any of the motions enumerated under Federal Rule of Appellate Procedure 4(a)(4), see n. 1, *supra*, Rule 4(a)(4) does not render its premature notice of appeal ineffective.

the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*

JUSTICE KENNEDY, concurring.

I concur in the Court's opinion. The Court determines that the announcement by the trial court, though not necessarily a final decision within the meaning of 28 U. S. C. § 1291, had sufficient attributes of finality to be a "decision" under the saving provision of Rule 4(a)(2) of the Federal Rules of Appellate Procedure. It is appropriate to talk in terms of finality in the case before us because "the bench ruling did announce a decision purporting to dispose of all of FirsTier's claims." *Ante*, at 277. I would add, however, that the saving provision of Rule 4(a)(2) applies as well to the announcement of an "order," and that some orders are appealable even though they do not possess attributes of finality. See 28 U. S. C. § 1292(a). In such cases, operation of the saving provision would not be controlled by whether the trial court's announcement was in the nature of a final judgment.