**MARSH–McBIRNEY, INC.,**
**Plaintiff–Appellee,**

v.

**MONTEDORO–WHITNEY CORPORATION, Defendant–Appellant.**

**Nos. 88–1318, 88–1344, 88–1421, 88–1450 and 88–1598.**

United States Court of Appeals, Federal Circuit.

July 3, 1991.

J. Alan Galbraith, Williams & Connolly, Washington, D.C., for plaintiff-appellee.

Thomas J. Scott, Howrey & Simon, Washington, D.C., for defendant-appellant. With him on the brief was, Joseph V. Colaianni.

Before MAYER and MICHEL, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.

ORDER

MAYER, Circuit Judge.

Appellant Montedoro–Whitney Corporation and appellee Marsh–McBirney, Inc. have jointly moved the court for an order dismissing appeal numbers 88–1318 and 88–1344, reinstating our judgment of August 7, 1989 and reissuing the September 20, 1989 mandate, and vacating paragraph (4) of our March 7, 1991 order taxing Supreme Court costs against Marsh–McBirney. *See* Fed.R.Civ.P. 42(b). The motion recites that the liquidating agent for Montedoro–Whitney has decided that further litigation is not in the best interest of the estate and that, on May 30, 1991, he obtained the approval of the United States Bankruptcy Court for the Central District of California to move this court to terminate the litigation.

We agree that dismissal of appeals 88–1318 and 88–1344 moots reconsideration of our original judgment, *Marsh–McBirney, Inc. v. Montedoro–Whitney, Corp.,* 882 F.2d 498 (Fed.Cir.1989), ordered by the Supreme Court, 498 U.S. ——, 111 S.Ct. 775, 112 L.Ed.2d 838 (1991), in light of *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. ——, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). We also agree that our disposition of Marsh–McBirney's cross-appeal, No. 88–1450, as well as appeal Nos. 88–1421 and 88–1598, was unaffected by the Court's order and that efficiency would best be served by reinstating our judgment in its entirety and the accompanying opinion to the extent noted below.

Accordingly, it is ORDERED that

---

1. Appeal Nos. 88–1318 and 88–1344 are DISMISSED.

2. Our judgment of August 7, 1989 is REINSTATED and the mandate of September 20, 1989 will be REISSUED.

3. Our accompanying opinion, reported at 882 F.2d 498, is REINSTATED except for discussion part A.

It is FURTHER ORDERED that

1. Paragraph (4) of our March 7, 1991 order is VACATED.

2. No additional costs shall be taxed.