955 F.2d 49
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dean E. STONIER, individually and as trustee of Meadow View
Trust Organization, Defendant-Appellant,
and
Phyllis V. Stonier; Kirk B. Stonier; Vicki Stonier;
Meadow View Trust Organization, Defendants.
 No. 91-1141.
 United States Court of Appeals, Tenth Circuit.
 Feb. 11, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dean Stonier appeals from the district court's grant of summary judgment to the United States government in its action against him to recover tax moneys. On February 14, 1991, the district court indicated from the bench that it was denying Mr. Stonier's motion to dismiss and granting the government's motion for summary judgment. Rec., vol. I, doc 18. The court minutes reflect an intention to "attempt to issue a written order in the case." Id. To date, no order has been issued or docketed with the district court clerk, and Mr. Stonier presents only the court minutes as the decision below. The government has moved to dismiss this appeal for lack of jurisdiction.
 
 
 3
 We have jurisdiction to review only "final decisions," 28 U.S.C. § 1291, and specific types of interlocutory orders defined by statute, 28 U.S.C. § 1292. See Firestone Tire and Rubber Co. v. Risjord, 449 U.S. 368 (1981). A final decision generally is one that disposes of all issues on the merits and leaves nothing for the court to do but execute the judgment. Van Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988). Such a judgment shall only be effective once it is "set forth on a separate document" and entered on the civil docket as provided by Rule 79(a) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 58.
 
 
 4
 As the government points out, the court minutes in this case fail to provide a number of details of the judgment, including Mr. Stonier's exact tax liability and the resolution of a question of property ownership. See Memorandum in Support of Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction at 5-6. Because the decision leaves open a number of issues which must be resolved before the judgment could be executed, it is not final. More importantly, no order has ever been filed or entered in any docket as required by Rule 58. Cf. FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 111 S.Ct. 648, 652 (1991) (appeal from bench ruling adequate under Fed.R.Civ.P. 4(a)(2) only when final judgment subsequently entered). The district court's order will be final and appealable only after it has been set forth in a separate document, and filed and docketed with the clerk. Willhauck v. Halpin, 919 F.2d 788, 793 (1st Cir.1990).
 
 
 5
 Accordingly, we DISMISS for lack of appellate jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3