990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas J. HARVEY, Plaintiff-Appellant,
v.
Glen CRAIG; Donald Corbett, Defendants-Appellees.
 No. 92-15301.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas J. Harvey, a California state prisoner, appeals pro se the district court's order granting summary judgment to appellee and dismissing his 42 U.S.C. § 1983 action.[1] Harvey claims that Corbett was deliberately indifferent to his serious medical needs while he was incarcerated in the Sacramento County jail. We have jurisdiction pursuant to 28 U.S.C. § 1291, see FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 111 S.Ct. 648, 652-53 (1991) (entry of judgment cures premature appeal if taken from order reasonably believed to be final); Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir.1992), and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). The moving party may discharge its initial burden of proof by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1985). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence on any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Id. at 322; Taylor, 880 F.2d at 1045. "The mere evidence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a summary judgment motion]; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 4
 A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do and thereby causes the deprivation of which the plaintiff complains. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988). In a section 1983 action, vicarious liability generally may not be imposed on an official for acts of a subordinate. See, e.g., Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979). Liability may be imposed on a supervisor under section 1983 only if the supervisor (1) personally participated in the deprivation, (2) knew of the violations and failed to act to prevent them, or (3) implemented a constitutionally deficient policy. Taylor, 880 F.2d at 1045.
 
 
 5
 To establish a section 1983 claim for medical indifference, the prisoner must show that the defendant's "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 6
 Harvey's amended complaint alleged that while under medical care for epilepsy he was transferred to the second tier of the eighth floor. Harvey alleged that Corbett, as the official in charge of housing in the Sacramento County jail, was responsible for the housing assignment. Harvey alleged that when he was housed on the second tier he suffered a seizure and fell thirty feet, breaking both feet. Thus, Harvey contends that Corbett's act of housing Harvey on the second tier, or Corbett's failure to act to ensure that Harvey was not housed on the second tier, with knowledge of his epilepsy established Corbett's deliberate indifference to Harvey's medical needs.
 
 
 7
 In his motion for summary judgment, Corbett proffered no evidence, but instead, argued that there was no evidence before the district court that he caused the injury complained of, and that he could not be held vicariously liable for the acts of his subordinates. Corbett argued that Harvey had failed to establish an affirmative link between his acts or omissions and Harvey's injuries.
 
 
 8
 Harvey opposed Corbett's summary judgment motion by proffering the transcript of his deposition. The transcript, however, contains only allegations. Harvey pointed to no evidence that Corbett had personal knowledge of his epilepsy. Nor did Harvey point to any evidence which suggested that Corbett personally approved of the improper housing or failed to prevent such housing.
 
 
 9
 Thus, Harvey failed to point to evidence that was sufficient to show that Corbett committed an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to perform. See Leer, 844 F.2d at 633. Moreover, because Harvey failed to establish that Corbett had personal knowledge of the housing assignment, Corbett may not be held vicariously liable for the acts of subordinates. See Taylor, 880 F.2d at 1045. Therefore, there was no evidence before the district court that Corbett was deliberately indifferent to Harvey's serious medical needs. See Toussaint, 801 F.2d at 1111.
 
 
 10
 Accordingly, the district court did not err in granting Corbett's motion for summary judgment. See Celotex Corp., 477 U.S. at 322; Anderson, 477 U.S. at 252.[2]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harvey brought this action against Corbett and Sacramento County Sheriff Glen Craig. Harvey, however, is not appealing the portion of the district court's order granting summary judgment to Craig. Appellant's Opening Brief at 7. Thus, on appeal we only consider the order insofar as it granted summary judgment to Corbett
 
 
 [2]
 Harvey also contends that the district court abused its discretion by failing to allow him additional time for discovery, pursuant to Fed.R.Civ.P. 56(f), before granting the summary judgment motion. If a party opposing a summary judgment motion is unable to provide affidavits showing that an issue of material facts exists, he may submit affidavits indicating why he cannot then present facts essential to justify his opposition to summary judgment. Fed.R.Civ.P. 56(f); Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir.1991). Harvey, however, did not submit an affidavit to indicate what facts would be presented or why they could not be presented at the hearing. Accordingly, the district court did not abuse its discretion in denying Harvey's discovery motion. See id