

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-22-2003

# Lundy v. Hochberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1969

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Lundy v. Hochberg" (2003). *2003 Decisions.* Paper 194.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/194

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 00-1969

MARVIN LUNDY,

Appellant

v.

ROBERT HOCHBERG;
JOHN HAYMOND;
JOHN HAYMOND, P.C.
t/a HAYMOND & LUNDY;
SCOTT E. DIAMOND;
HAYMOND, NAPOLI, DIAMOND, P.C.

Case No: 02-3781

*JOHN HAYMOND;
HAYMOND NAPOLI DIAMOND, P.C.

v.

MARVIN LUNDY

v.

JOHN HAYMOND;
ROBERT HOCHBERG;
HAYMOND, NAPOLI, DIAMOND, P.C.

John Haymond;
Haymond, Napoli, Diamond, P.C.,
a Connecticut professional corporation
(now known as the Haymond Law Firm, P.C.),

Appellants

* (Amended as per the Clerk's 12/5/02 Order)


Case No: 02-3845

MARVIN LUNDY,

Appellant

v.


ROBERT HOCHBERG;
JOHN HAYMOND;
JOHN HAYMOND, P.C.
t/a HAYMOND & LUNDY;
SCOTT E. DIAMOND;
HAYMOND, NAPOLI, DIAMOND, P.C.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-CV-5048)
District Judge: The Honorable Norma L. Shapiro

_____

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2003

Before: MCKEE, SMITH and COWEN, *Circuit Judges*

(Filed: October 22, 2003)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

In a separate decision filed this same date, we addressed some of the bitter fruits of a legal partnership gone awry.[1] Before us are the remains of the day: a challenge by Marvin Lundy contesting the District Court's grant of a motion to dismiss his RICO[2] claims and his state law claims of fraud and negligent misrepresentation; a claim by Marvin Lundy that the District Court erred in several trial rulings, including an order trifurcating the claims for trial; and an assertion by Marvin Lundy, John Haymond and the Haymond Napoli Diamond, P.C. law firm that the District Court erred in refusing to exercise jurisdiction over non-parties who diverted certain partnership assets.

Haymond and Hochberg moved to dismiss Lundy's appeal of the dismissal of his RICO and several state law claims for lack of jurisdiction. Haymond and Hochberg asserted that Lundy's appeal was from an unappealable order because of the pendency of two remaining causes of action. Although Lundy's appeal from the District Court's order was premature, that appeal ripened with the District Court's final entry of judgment and Haymond and Hochberg have not suffered any prejudice. Fed. R. App. P. 4(a)(2);

[1]*See Lundy v. Hochberg*, Nos. 02-1343, 02-2041, 02-3678, 02-3732, and the first issue asserted in 02-3845 (3d Cir. October _, 2003).

[2]RICO is an acronym for the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1961-1964.

*FirsTier Mortgage Co. v. Investors Ins. Co.*, 498 U.S. 269 (1991); *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 585-87 (3d Cir. 1999). Because a final order was entered, we exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We dispense with a recitation of the facts inasmuch as the parties, for whom we write, are intimately familiar with every twist and turn in this litigation. Our review of a grant of a motion to dismiss is plenary. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1411 (3d Cir. 1993). We review an order by the District Court to trifurcate the issues for trial under Federal Rule of Civil Procedure 42(b) for an abuse of discretion. *Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 105 (3d Cir. 1992). We also review the denial of a motion to amend for an abuse of discretion. *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). With respect to whether the District Court erred in refusing to exercise jurisdiction over non-parties who diverted funds from the partnership, our review is for an abuse of discretion because it concerns the relief obtainable in a receivership proceeding. *Securities and Exhange Comm'n v. Black*, 163 F.3d 188, 195, 199 (3d Cir. 1998); *see also Securities and Exchange Comm'n v. Elliott*, 953, F.2d 1560, 1566 (11th Cir. 1992) (observing that the district court "has broad powers and wide discretion to determine relief in an equity receivership").

We conclude that the District Court did not err in dismissing Lundy's RICO and state law claims. It is clear from Lundy's own RICO case statement that Lundy was present at the meeting in April 1997 when his counsel, Robert Fiebach, confronted

4

Hochberg with the fact that he was under a federal indictment as evidenced by the public records of the United States District Court for the District of Massachusetts. Despite his knowledge of that indictment, Lundy forged ahead with negotiations for the Haymond & Lundy partnership, choosing to proceed without ascertaining from either Hochberg or the available public record the ultimate outcome of the indictment. Under these circumstances, we fail to see a cognizable "scheme to defraud" as required for the predicate acts of mail or wire fraud under 18 U.S.C. §§ 1341, 1343, or the state law claims of fraud and negligent misrepresentation. *See Brokerage Concepts, Inc. v. U.S. Healthcare, Inc.*, 140 F.3d 494, 528-29 (3d Cir. 1998) (concluding that RICO claim predicated on mail and wire fraud was legally deficient since victim was well aware of the true motivation behind the request for the audit); *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 747 (3d Cir. 1996) (concluding that plaintiff failed to show a scheme to defraud by charging more than the price set forth in the contract since plaintiff was aware that the prices exceeded the contract); *Reynolds v. East Dyer Development Co.*, 882 F.2d 1249, 1253 (7th Cir. 1989) (plaintiffs failed to show predicate scheme to defraud because plaintiffs had been notified of problem and it was a matter of public record). As the District Court recognized, the single instance of bank fraud was insufficient to constitute a pattern of racketeering activity. *Haymond v. Lundy*, 2000 WL 804432, at *5.

Lundy's challenge of the District Court's order to bifurcate the issues of liability

and damages with respect to the breach of the partnership agreement claim and to separate that claim from the Lanham Act and tort claims is also without merit. District Judge Shapiro explained that liability on the contract claim would be tried first because the issue of damages could not be intelligently presented until there was a determination by the jury of whether Lundy or Haymond, or both, had committed a breach. Bifurcation of liability and damages, in the District Court's view, would make it easier for the jury to understand the issues. This explanation is reasonable in light of the complexity of the case and we conclude there was no abuse of the discretion with which Rule 42(b)[3] vests the District Court.

Nor do we find the District Court's refusal to grant Lundy's motion to amend his complaint an abuse of discretion. The District Court explained in its written memorandum that the

> amendment was proposed in Lundy's final pretrial memorandum, submitted to the court on the eve of trial, and a proposed amended pleading was not attached. To have permitted Lundy leave to assert amorphous additional counterclaims at that late date would have prejudiced the plaintiff and caused undue delay, as the trial would have had to be postponed.

*Haymond v. Lundy*, 2001 WL 74630, * 3 (E.D. Pa. January 29, 2001). As we recognized in *In re Burlington Coat Securities Litigation*, 114 F.3d at 1434, undue delay and prejudice are valid grounds for denying a request to amend one's complaint.

---

[3]Fed. R. Civ. P. 42(b) provides that the "court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . or of any separate issue or of any number of claims. . . or issues[.]"

6

The final issue we confront is the contention that the District Court erred by refusing at the conclusion of the case to exercise jurisdiction over the persons, *i.e.* the Pennsylvania professional corporation of Haymond, Napoli & Diamond ("HND-PA"), who diverted funds from the Haymond & Lundy partnership, thereby precluding the appointed receiver from attempting to recover the diverted funds.[4] We conclude that the District Court did not abuse its discretion. It recognized that it could have directed the receiver to bring a separate suit against HND-PA, but concluded that such a course would result in a delay of "indeterminable length" and postpone Lundy's ability to collect the fees due. Instead, the Court decided that the

> Better solution to the problems posed: Haymond, whose tacit approval of HND-PA's decision not to escrow the attorney's fees allowed that firm to withhold $1.5 million from H & L, will be charged with the consequences of his actions. But for Haymond's collusion with HND-PA, H & L would have collected all the fees in questions. It is unfair to Lundy to await a further adjudication of the fees, HND-PA may retain by virtue of Haymond's willingness to let HND-PA evade the court's jurisdiction. Under the broad, inherently equitable nature of its powers over a firm in receivership, the court will fashion a remedy that effects substantial justice to all concerned. . . . The $1,532,948 collected but not remitted by HND-PA . . . will be treated as if it had been collected by Haymond. Haymond will be charged $1,532,948 in accounts received the amount otherwise due him. His recovery against HND-PA is a separate matter from the amount due Lundy from the assets of the partnership, and should not delay distribution.

*Haymond v. Lundy*, 2002 WL 1964336, *9 (E.D. Pa. August 23, 2002). This is quite reasonable under the circumstances and we will not disturb the District Court's judgment.

---

[4]Lundy and Haymond both assert that the District Court's findings with respect to exercising jurisdiction over the persons who diverted the funds were not supported by the evidence. There is no merit to that argument.

Accordingly, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.


                                    /s/D. Brooks Smith
                                    Circuit Judge
Date: October 22, 2003