**Robert CLARK, Appellant,**

v.

**COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES, Appellee.**

**No. 2005–CA–000575–ME.**

Court of Appeals of Kentucky.

Aug. 12, 2005.

Nellie M. Draus–Stallings, Louisville, KY, for appellant.

Jason F. McGregor, Jefferson Co. Attorney's Off., Louisville, KY, for appellee.

Before COMBS, Chief Judge; HENRY and JOHNSON, Judges.

1. Appellee also argues that this appeal is untimely but the record shows that the appeal was timely filed on the last day of the period provided under Kentucky Rules of Civil Procedure (CR) 73.02(1)(a). *See* CR 6.01.

*OPINION AND ORDER*

JOHNSON, Judge.

The matter below was a Dependency, Neglect, and Abuse Petition. Appellee moves the Court to dismiss this expedited appeal based on its claim that the order entered on February 3, 2005, from which the appeal was taken, is not final and appealable and that a subsequent notice of appeal was not filed from the dispositional order entered on March 9, 2005.[1] Appellee argues that the appeal is taken from the wrong order but cites no authority that is directly on point to support its argument.

In response, appellant invites the Court to apply the "relation forward" principle adopted by the Kentucky Supreme Court in *Johnson v. Smith*.[2] We believe that appellant's argument has merit. Therefore, it is ORDERED that appellee's motion be DENIED.

We note that the order of February 3, 2005, was entered following the trial of the action. It made the determination that act(s) of domestic violence had occurred in the presence of the children and that the County Attorney had proven by a preponderance of the evidence that the children's exposure to the domestic violence placed them at risk as defined in KRS 600.020. Further, the order set a number of conditions pending disposition to be made at a later date.

We believe that the "relation forward" concept may properly be applied to this matter so as to allow what is a premature notice of appeal from an intermediate order to proceed even though a second notice of appeal was not taken from the final

2. 885 S.W.2d 944 (Ky.1994).

order. While the Kentucky Supreme Court applied the concept in *Johnson* to a procedurally different situation, we read language in that decision to suggest that we should apply that concept to the procedural posture of this case. Accordingly, we now adopt that application.

■ In *Johnson*, the Court stated as follows:

> In federal appellate practice a *premature* notice of appeal (absent prejudice), in reasonable circumstances, is deemed simply to relate forward and become effective on the date the trial court tenders its final judgment. See *FirsTier Mtge. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991) [emphasis original].[3]

Subsequently, the Supreme Court further discusses the federal concept:

> We deem the federal approach adopted in the *FirsTier Mtge.* case, *supra*, appropriate for present purposes. The U.S. Supreme Court states the premature notice of appeal protects the litigant who "reasonably but mistakenly believes [the order or judgment entered against him] to be a final judgment, while failing to file a notice of appeal from the actual final judgment." 498 U.S. at 276, 111 S.Ct. at 652–53. This rule permits a premature notice to be effective to invoke the jurisdiction of the appellate court upon final judgment where, as here, the circumstances suggest filing a notice of appeal would not be unreasonable.[4]

The above quote includes a footnote which adds that the federal concept does not allow "a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order."[5] However, this is not the type of ruling that is challenged in the instant appeal.

We are of the opinion that it was not unreasonable for appellant to believe that the order of February 3, 2005, was final and appealable since it was entered following trial and since it made the substantive findings required to be made to bring the Petition to resolution. In addition, it does not appear to the Court that appellee will be prejudiced by our decision.

Therefore, consistent with the principle articulated in *Johnson*, we hold that the premature notice of appeal should relate forward to the date of entry of the final order, thereby allowing it to effectively invoke our jurisdiction. This appeal shall proceed with appellant's brief being due no later than thirty (30) days from the date of entry of this order.

ALL CONCUR.

---

3. *Johnson*, 885 S.W.2d at 947.

4. *Id.* at 950.

5. *Id.*