United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30818
Summary Calendar

DORIS KINNIE,

Plaintiff - Appellant,

versus

LOUISIANA DEPARTMENT OF INSURANCE

Defendant - Appellee

--------------------
Appeal from the United States District Court
For the Middle District of Louisiana, Baton Rouge
3:03-CV-415
--------------------

Before HIGGINBOTHAM, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Doris Kinnie ("Kinnie") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Louisiana Department of Insurance ("LDI"). Kinnie does not, however, point to evidence demonstrating that a genuine issue of material fact exists, nor does she provide any evidence to undermine the district court's holding that she failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

oppose LDI's motion for summary judgment.  Contrary to her assertions on appeal, LDI submitted competent summary judgment evidence showing that she did not establish a prima facie case of discrimination.[1]  Accordingly, we reject all arguments made by Appellant Kinnie and AFFIRM the judgment of the district court.

Appellee also requests attorney's fees.  That request is DENIED.

---

[1]  LDI argues that this Court does not have jurisdiction to hear Kinnie's appeal because she filed her notice of appeal prematurely.  Kinnie filed her notice of appeal on August 16, 2004, which was a few weeks after the district court's July 21, 2004 order granting LDI's motion for summary judgment, but a few days before the August 24, 2004 entry of judgment.  Consequently, under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, her notice of appeal was technically premature.  Fed.R.App.P. 4(a)(1).

A premature notice of appeal, however, does not always prevent an appellate court from exercising its jurisdiction. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 378-79 (5th Cir. 1996).  Under Rule 4(a)(2), notice of appeal "filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof."  Fed.R.App.P. 4(a)(2).  "The Rule recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 273 (1991).

Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise. *Id*. at 276. The July 21, 2004 order in the instant case meets this criteria because it would have been "final" under 28 U.S.C. § 1291 had the court entered judgment immediately.

Therefore, LDI's contention that this Court does not have jurisdiction over this appeal is without merit.

AFFIRMED.