

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Adams v. Ford Mtr Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Adams v. Ford Mtr Co" (2009). *2009 Decisions.* Paper 1678.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1678

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 08-2566

———————

YOLANDA ADAMS

v.

FORD MOTOR COMPANY

Vincent A. Colianni
Appellant pursuant to Fed. R. App. P. 12(a)

———————

On Appeal From the United States District Court
For the District of the Virgin Islands
(D.C. Civil Action No. 1-04-cv-00053-001)
Magistrate Judge:  Hon. George W. Cannon

———————

Argued December 9, 2008

BEFORE:  FISHER, JORDAN and STAPLETON,
*Circuit Judges*

(Opinion Filed: March 26, 2009)

———————

Thomas Alkon (Argued)
2115 Queen Street
Christiansted
St. Croix, USVI  00820
  and

Vincent A. Colianni
Vincent A. Colianni, II
1138 King Street
Christiansted
St. Croix, USVI  00820
  Attorneys for Appellants

Daryl C. Barnes
Bryant, Barnes, Moss & Beckstedt
1134 King Street, 2nd Floor
Christiansted
St. Croix, USVI  00820
  and
Jeffrey A. Cohen
Erin L. Kinney (Argued)
Carlton Fields
100 Southeast Second Street
4000 Nationsbank Towers at International Place
Miami, FL  33131

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Appellant Vincent A. Colianni appeals from the District Court's order finding that he violated American Bar Association Model Rule of Professional Conduct Rule 3.5 by initiating post-verdict contact with a juror.  The issue presented is whether the District Court erred in imposing a sanction without following the disciplinary procedures specified in the relevant local rule.  We reluctantly conclude that we lack jurisdiction to review this decision of the District Court and will dismiss this appeal.

2

On May 27, 2008, the District Court entered an order declaring, *inter alia*, that "the Court finds that Vincent A. Colianni, Sr., [counsel for the plaintiff] has engaged in misconduct by his post-verdict communication with a juror in contravention of American Bar Association Model Rule of Professional Conduct 3.5(c)." App. at 3. We assumed without deciding for present purposes that the entry of this order constituted an imposition of a sanction. Colianni filed a notice of appeal from this order on May 29, 2008.

At the outset, we must address our jurisdiction to entertain this appeal. An order disposing of less than all issues in a case is immediately appealable only if the three requirements of the collateral order doctrine are met. *Martin v. Brown*, 63 F.3d 1252 (3d Cir. 1995). As we explained in *Martin*:

> The case law on the collateral order doctrine is extensive and its requirements clear. It permits appellate review of orders that: (1) finally resolve a disputed question; (2) raise an important issue distinct from the merits of the case; and (3) are effectively unreviewable on appeal from a final judgment.

*Id.* at 1259.

Our decision in *Comuso v. Nat'l R.R. Passenger Corp.*, 267 F.3d 331 (3d Cir. 2001), dictates our response to the issues thus posed. The Court's May 27, 2008, order does not satisfy the second and third requirements of the collateral order doctrine and was not immediately appealable.

In *Comuso*, the District Court found Marvin Barish, counsel for the plaintiff, guilty

of seriously unprofessional conduct directed towards opposing counsel during a recess. The Court imposed the following sanctions on Barish pursuant to its inherent authority to discipline attorneys practicing before it: disqualification from continued representation in the case, a monetary sanction of $13,285, and a referral to the Disciplinary Board of the Supreme Court of Pennsylvania. This Court held in Barish's immediate appeal that it had no jurisdiction.

Barish insisted that the order sanctioning him raised an important issue distinct from the merits of the case and would be effectively unreviewable on appeal from a final judgment. Although we recognized that counsel had a significant interest in personal vindication distinct from the interests of his client, we nonetheless rejected both contentions:

> [T]he Supreme Court has consistently rejected a case-by-case approach in deciding whether an order was separate from the merits of the litigation in favor of a *per se* rule that sanctions orders are inextricably intertwined with the merits of the case. *See Cunningham*, 527 U.S. at 206, 119 S. Ct. 1915; *Richardson-Merrell*, 472 U.S. at 439, 105 S. Ct. 2757. Therefore, we hold that the District Court's order imposing sanctions against Barish is not sufficiently separate from the underlying merits of the case.
>
> Moreover, we note that denying jurisdiction now does not prevent appellate review of the sanctions in an appeal of the final judgment on the merits. The fact that Barish is no longer part of the litigation does not make the sanctions order immediately appealable. . . . That Barish may have to monitor the progress of the litigation in order to appeal upon final judgment is not dispositive. *See Cunningham*, 527 U.S. at 209, 119 S. Ct. 1915. Therefore, the order imposing sanctions on Marvin Barish is not immediately appealable under 28 U.S.C. § 1291.

*Comuso*, 267 F.3d at 339. As in *Comuso*, the District Court's sanction order here was not

immediately appealable under the collateral order doctrine.

The District Court entered a final order on the merits of this case on August 20, 2008. Colianni did not file an appeal of the sanction order within thirty days of the entry of that final order. Accordingly, the remaining jurisdictional issue is whether the entry of the final judgment revived the premature notice of appeal filed on May 29, 2008. We conclude that it did not.

Federal Rule of Appellate Procedure 4(a)(2) provides that under certain circumstances a premature appeal followed by the entry of a final merits judgment shall be treated as filed on the date of the judgment. As we know from the teachings of *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co*., 498 U.S. 269 (1991), however, this "is not to say that Rule 4(a)(2) permits a notice of appeal from a clearly interlocutory decision – such as a discovery ruling or a sanctions order under Rule 11 of the Federal Rules of Civil Procedure – to serve as a notice of appeal from a final judgment. A belief that such a decision is a final judgment would *not* be reasonable." *Id*. at 276 (emphasis in original). Thus, Rule 4(a)(2) does not help Colianni here.

Rule 4(a)(2) is not the only authorization recognized by our Circuit for treating a premature notice of appeal as an appeal from a subsequently entered final judgment. *See, e.g., Cape May Greene, Inc. v. Warren,* 698 F.2d 179 (3d Cir. 1983); *Lazy Oil Co. v. Witco Corp*., 166 F.3d 581 (3d Cir. 1999). We have held, however, that the doctrine reflected in this line of cases does not authorize permitting a premature notice of appeal

5

from a clearly interlocutory order such as a sanction order to ripen upon the entry of a final judgment on the merits. *ADAPT of Philadelphia v. Philadelphia Housing Auth.*, 433 F.3d 353 (3d Cir. 2006); *Lazorko v. Pennsylvania Hosp.*, 237 F.3d 242 (3d Cir. 2000).

We will dismiss this appeal for want of jurisdiction.