[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16245
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-01501-CV-TWT-1

BERTHA DINKENS,

Plaintiff-Appellant,

versus

CONAGRA FOODS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 14, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Dinkins's lawsuit is one of hundreds transferred to the Northern District of

Georgia for consolidated pretrial proceedings for cases arising out of ConAgra's 2007

peanut butter recall. The court dismissed Dinkins's claim for breach of the implied warranty of fitness on the grounds that the claim was not properly pleaded. Then, over three months later, the court dismissed the rest of Dinkins's claims because she had failed to comply with its discovery orders. Dinkins appeals.

At the outset, we discuss two jurisdictional issues raised by ConAgra. First, ConAgra argues that there may be no final judgment, and therefore no appellate jurisdiction, in this case. It also argues that, even if there is appellate jurisdiction to review the court's October 9, 2008 dismissal of the claims remaining in Dinkins's lawsuit as of that date, Dinkins has not properly appealed the earlier dismissal of her claim for breach of the implied warranty of fitness or the court's denial of her motion for reconsideration. We disagree.

The orders that Dinkins identified in her notice of appeal dismissed her entire complaint, leaving no claim to be litigated. As of October 9, 2008, all of Dinkins's claims had been decided, ending her case against ConAgra on the merits. *See Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1356 (11th Cir. 1994) (*citing FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 273-74, 111 S. Ct. 648, 651-52 (1991)). Thus, the October 9, 2009 order presents a final decision that we have jurisdiction to review. *See* 28 U.S.C. § 1291. And, while Dinkins's notice of appeal specifically identifies two orders, it also states that she appeals from the final

2

judgment in the case. "When a district court enters a final judgment, 'all prior non-final orders and rulings which produced the judgment' are merged into the judgment and subject to review on appeal." *Akin v. PAFEC Ltd.*, 991 F.2d 1550, 1563 (11th Cir. 1993) (*quoting Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989)). Therefore, we will consider Dinkins's arguments regarding dismissal of her claim for breach of the implied warranty of fitness and denial of her motion for reconsideration.

The parties agree that we review the court's decisions for abuse of discretion. Applying that standard, we find no error.

In mid-March 2008, Dinkins' lawyer received by mail an order by the United States Judicial Panel on Multidistrict Litigation conditionally transferring Dinkins's case (originally filed in the Western District of New York) to the Northern District of Georgia. (R.1-10; R.1-12 at 4 ¶4.) By its own terms, ojections to the order were due by March 27, 2008. (R.1-10.) Dinkins did not file a timely objection to the transfer, and the case was officially transferred on April 22, 2008.

The Northern District of Georgia's Local Rule 5.0 required all documents filed with the court to be filed by electronic means through the Case Management/Electronic Case Filing (CM/ECF) system. The court's website gave instructions on how to accomplish those filings and a standing order available on that website states that, once a party's lawyer is registered for CM/ECF access, service on

3

that party will be through electronic notification that documents have been filed in the case. *See* Northern District of Georgia Standing Order #04-01 In Re: Procedural Rules for Electronic Case Filing in Civil and Criminal Cases. The judge in the consolidated cases against ConAgra also issued a Case Management Order that states:

> In lieu of service of documents pursuant to Fed. R. Civ. P. 5, service of all papers shall be made on liaison counsel for plaintiffs . . . [p]laintiffs' liaison counsel shall be responsible for the receipt and dissemination of each served document to all known plaintiffs' counsel.

(R.2-37 at 3.) Plaintiffs' liaison counsel was a registered user of the Northern District of Georgia's CM/ECF system.

On May 6, 2008, Dinkins filed a motion in the Northern District of Georgia requesting an extension of time to object and a return of the case to the Western District of New York. (R.1-12.) The court denied those motions on the bases that they should have been made to the Multidistrict Litigation Panel and that the court did not have authority to grant the requested relief. (R.1-17.)

On May 9, 2008, before the court acted upon Dinkins's motions, ConAgra filed a motion to dismiss Dinkins's claim for breach of the implied warranty of fitness pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to the Local Rule, ConAgra filed that motion on CM/ECF. Dinkins did not respond to ConAgra's

motion to dismiss, either by opposing the motion or moving to amend her complaint. On June 4, 2008, the court granted the motion. The order was filed on CM/ECF.

The court's order requiring each plaintiff to produce a six-page form titled Plaintiff's Fact Sheet was also posted on CM/ECF. Dinkins's fact sheet was due on May 12, 2008; but she did not produce it. In a motion filed on CM/ECF, ConAgra moved to compel production. Dinkins did not respond. On June 30, 2008, in an order posted on CM/ECF, the court granted ConAgra's motion to compel. Dinkins did not respond in any way to the order to compel production.

On appeal, Dinkins does not argue that the district court erred in granting ConAgra's Rule 12(b)(6) motion because her complaint adequately pleaded a claim for breach of the implied warranty of fitness. Therefore, we do not consider the adequacy of the pleading. And, we hold that Dinkins suffered no prejudice by the district court's grant of the 12(b)(6) motion because the October 9, 2008 dismissal of Dinkins's entire case was warranted under Federal Rule of Civil Procedure 37(b)(2). Even if the claim for breach of warranty had remained in the case up to October 9, 2008, it would have been properly dismissed, along with the rest of the complaint. Dinkins never made any effort to comply with the court's order that she produce the fact sheet, providing facts necessary to sustain her personal injury claim. Neither did Dinkins make any effort to comply with the court's subsequent order compelling her

5

production of the discovery, despite the fact that she had three months to do so before the court dismissed her lawsuit.

Dinkins's only argument on appeal is that her failure to respond to pleadings and orders in the case should have been excused because she was not served with those documents. But, her pleas for mercy on the basis of her ignorance are not well-founded. There is no dispute that plaintiff's liaison counsel was properly served with all pleadings and orders in the case. And, under the court's case management order, that service constituted service on Dinkins.

Dinkins's professed lack of knowledge that orders were issued, discovery was required, and motions were pending resulted from her own attorney's failure to keep abreast of the action through any of the many avenues available to him – including direct access to the CM/ECF system,[1] contact with plaintiffs' liaison counsel, and participation (personally or telephonically) in the court proceedings. We will not

---

[1]On July 23, 2008, Dinkins's lawyer made an unsuccessful attempt to register himself for CM/ECF access. On August 1, 2008, he wrote to the clerk of the court requesting assistance in applying for that access.

Dinkins's lawyer received CM/ECF access (including the ability to access the pleadings and orders already filed in the case and electronic notification of document filings as they were made) on September 17, 2008, thirteen days before the district court issued its first order regarding the dismissal of Dinkins's complaint. Despite having that access, he filed no response to ConAgra's pending motion to dismiss his client's case for failure to comply with the court's order to compel production of discovery. Neither did he take any action in response to the court's order of September 30, 2008, acting on that motion. Only after the court entered its October 9, 2008 order dismissing Dinkins's lawsuit did her lawyer react– by filing a motion for reconsideration.

6

reward his failure to prosecute his client's lawsuit with another opportunity to pursue her claims.

The district court did not abuse its discretion when, finding that Dinkins had failed to comply with the court's orders and less severe sanctions had proven ineffective in remedying the situation, it dismissed Dinkins's lawsuit with prejudice and denied her motion for reconsideration of the dismissal.

AFFIRMED.