NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PUREWICK CORPORATION,**

*Plaintiff-Appellee*

**v.**

**SAGE PRODUCTS, LLC,**

*Defendant-Appellant*

---

2023-1868

---

Appeal from the United States District Court for the District of Delaware in No. 1:19-cv-01508-MN, Judge Maryellen Noreika.

---

**ON MOTION**

---

Before LOURIE, HUGHES, and CUNNINGHAM, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

PureWick Corporation moves to dismiss this appeal for lack of jurisdiction. ECF No. 4. Sage Products, LLC opposes the motion and cross-moves to stay the appeal, which PureWick opposes. ECF No. 10.

PureWick filed this suit asserting infringement of four patents, including U.S. Patent No. 8,287,508 ("the '508 patent"). The district court stayed proceedings on the '508 patent pending a related appeal regarding a final written decision from an *inter partes* review ("IPR") that found the asserted claims unpatentable. After a trial, the jury found in favor of PureWick on the remaining three patents. The district court subsequently acted on various post-trial motions on March 31, 2023, though there remain disputes regarding final judgment. And while this court has affirmed the IPR decision, *PureWick Corp. v. Sage Prods., LLC*, No. 2022-1697, 2023 WL 2808068 (Fed. Cir. Apr. 6, 2023), the district court has not taken further action on the '508 patent.

Ordinarily, we only have jurisdiction to review a "final decision of a district court," 28 U.S.C. § 1295(a)(1), which "end[s] the litigation on the merits, and the judge . . . clearly declare[s her] intention in this respect," *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 273–74 (1991) (cleaned up). Here, the district court has not yet "decide[d] or dismisse[d] all claims and counterclaims for each party" relating to the '508 patent. *SafeTCare Mfg., Inc. v. Tele-Made, Inc.*, 497 F.3d 1262, 1267 (Fed. Cir. 2007). *See* ECF No. 4 at 13; ECF No. 10 at 17; *PureWick Corp. v. Sage Prods., LLC*, No. 19-1508 (D. Del. Apr. 21, 2023), ECF No. 371-1 at 5 n.6.

Sage argues that its premature notice of appeal can be saved by Federal Rule of Appellate Procedure 4(a)(2), but, before the premature notice of appeal was filed, Sage itself told the district court that "this judgment is not final unless it disposes of all claims and defenses, including the '508 patent," ECF No. 371-1 at 5 n.6. Thus, there was no reasonable basis to conclude that the court had entered a final decision before the notice of appeal was filed such that Rule 4(a)(2) does not apply. *FirsTier*, 498 U.S. at 273–74.

Accordingly,

PUREWICK CORPORATION v. SAGE PRODUCTS, LLC                3

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.  The appeal is dismissed for lack of jurisdiction.

(2) The motion to stay is denied.

(3) Each side shall bear its own costs.

FOR THE COURT

June 28, 2023                         /s/ Jarrett B. Perlow
      Date                            Jarrett B. Perlow
                                      Acting Clerk of Court


cc:  United States District Court for the District of Delaware.