**Sean ALLEN, on behalf of himself and others similarly situated, Plaintiff—Appellant,**

v.

**COUNTY OF SANTA CLARA; et al., Defendants—Appellees.**

No. 03–15413.

D.C. No. CV–01–21030–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2004.

Decided March 29, 2004.

William H. Sortor, David P. Clisham, Clisham & Sortor, San Francisco, CA, for Plaintiff–Appellant.

Martin H. Dodd, Santa Clara County Counsel's Office, San Jose, CA, Alexander Klibaner, Dodd, Futterman & Dupree LLP, San Francisco, CA, for Defendant–Appellee.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM *

Sean Allen appeals the district court's grant of summary judgment to the defendants. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here. We review the district court's decision to grant summary judgment *de novo. Lindahl v. Air France,* 930 F.2d 1434, 1436 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 1291. Under the circumstances presented by the case, we have appellate jurisdiction over the appeal. *See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.,* 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991).

## I

The district court did not err in granting summary judgment on Allen's discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(2). The district court held that Allen's Title VII claims arising from the County's refusal to hire him in 2000 were time-barred. A plaintiff seeking relief under Title VII must file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). Where the plaintiff first seeks relief with a state or local agency, as Allen did in this case, the period to file a charge with the EEOC is extended to 300 days. *Id.*

■ For discrimination claims based on an alleged failure to hire, the limitations period begins to run from the date on which the underlying act occurs. *See Lyons v. England,* 307 F.3d 1092, 1106 (9th Cir.2002). The district court correctly determined that the statute of limitations commenced on June 12, 2000, when Sutherland sent Allen a letter unambiguously indicating that Allen's application was rejected. As a matter of law, the letter put Allen on notice that further efforts to end the alleged unlawful conduct would be fruitless, thus commencing the limitations period. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 111, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Del. State Coll. v. Ricks,* 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Allen did not file his

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claim alleging a discriminatory refusal to hire within the 300–day statutory period, and the district court correctly held his claim was time-barred.

## II

The district court also properly granted summary judgment on Allen's disparate treatment claims under state law. Under the familiar *McDonnell Douglas* standard, which applies to both his federal and state disparate treatment claims,[1] Allen must first establish a prima facie case of racial discrimination. The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the employment action taken. If the employer articulates such a reason, the plaintiff is then afforded an opportunity to show that the stated reason was a pretext for unlawful discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ If we assume, without deciding, that Allen established a *prima facie* case of disparate treatment, the record establishes that the County met its burden to show a legitimate nondiscriminatory motive for refusing to hire Allen because he did not satisfy the job criteria. Allen failed the background investigation in 1997. That failure was subsequently independently re-examined and confirmed. It is undisputed that there were numerous inconsistencies in material portions of his application; he failed two polygraph examinations; and had on record incidents that cast doubt on his credibility. Given the County's showing of legitimate, non-dis-

criminatory reasons for refusing to hire Allen, the burden shifted to Allen to show pretext. The district court correctly held that Allen failed to tender any evidence establishing that, in his particular case, the reasons given were pretextual.

## III

■ The district court properly granted summary judgment on Allen's disparate impact claims. The court did not err in rejecting the methodology of Allen's expert and the foundation for his opinion. The expert failed to identify the pool of qualified applicants correctly in that he did not account for unqualified applicants or those who voluntarily withdrew. He also mistakenly identified persons who passed the first two hiring procedures as those who were actually hired. Based on this, and other considerations detailed in the district court order, the district court was justified in rejecting the expert's testimony. *See Cerrato v. San Francisco Community Coll. Dist.,* 26 F.3d 968 (9th Cir. 1994).[2]

## V

The district court properly granted summary judgment on Allen's claim for overtime compensation under the Fair Labor Standards Act. His claim is based on voluntary work performed off-duty for independent entities. Allen's work did not qualify for overtime compensation as a matter of law. "The hours of work for the separate and independent employer are not combined with the hours worked for the primary public agency employer for

---

1. California law under the California Fair Employment and Housing Act, Cal. Gov't Code § 12900, mirrors federal law under Title VII. *See Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1219 (9th Cir.1998).

2. Allen failed to comply with Fed.R.Civ.P. 72(a)'s requirement that he file and serve timely objections to the Magistrate Judge's December 26, 2002 order regarding discovery. Thus, he may not challenge the order on appeal. *See Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir.1996).

purposes of overtime compensation." 29 C.F.R. § 553.227(a).

**AFFIRMED.**