Charles MUHAMMAD, Appellant

v.

NEWARK HOUSING AUTHORITY; Keith Kinard, Executive Director; Housing Authority Board of Trustees; Legal Advisors; Managers; Security; Maintenance.

No. 12–3420.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) March 14, 2013.

Opinion filed: March 14, 2013.

Charles Muhammad, Newark, NJ, pro se.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

OPINION

PER CURIAM.

*Pro se* appellant, Charles Muhammad, submitted a complaint to the United States District Court for the District of New Jersey on May 23, 2012, related to an incident or incidents that occurred while he was a resident in Newark Public Housing. Listed as defendants were the Newark Housing Authority and its executive director and Board of Trustees, as well as unnamed security and maintenance personnel, legal advisors, and managers. Because Muhammad failed to pay the initial filing fee or submit a completed application for leave to proceed *in forma pauperis* (hereafter "IFP") within thirty days of the filing of the complaint, the District Court entered an order on July 19, 2012, dismissing the action without prejudice and without costs.

Muhammad responded to the dismissal order by seeking to have the District Court reconsider its decision pursuant to Fed.R.Civ.P. 59(e). In that motion, Muhammad asked the District Court to issue an "extraordinary writ for alternative relief" ordering defendants to schedule a fair hearing on his grievance as "demanded" by the Department of Housing and Urban Development's regulations. Muhammad made no mention of the fee issue, nor did he remit the filing fee or submit an IFP motion. In an order subsequently entered on August 17, 2012, the District Court sua sponte vacated the dismissal. While acknowledging that Muhammad had submitted a reconsideration motion, the District

Court did not specifically rule on the motion. Instead, the court noted that Muhammad had filed complaints in three similar actions. Accordingly, for the sake of managing its docket and in order to consolidate the instant case with the other actions, the District Court vacated the order dismissing the case for failure to pay the filing fee.

The court thereafter issued an order which was entered on August 22, 2012, consolidating Muhammad's action with three other matters that were docketed at D.N.J. Civ. Nos. 11–cv–03441, 12–cv–03090 and 12–cv–03093. In that same order, the District Court determined that Muhammad was financially eligible to proceed IFP, but that the contentions set forth in each complaint failed to state a claim upon which relief could be granted. The court then denied the motion for reconsideration and dismissed Muhammad's complaints with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court further ordered that the Clerk's office not file any further submissions from Muhammad pertaining to the closed consolidated actions unless so instructed by the court after review. Muhammad's notice of appeal was subsequently received and entered on the docket later that same day. His appeal is now ripe for disposition.

Before we can reach the merits of this appeal, we must address our jurisdiction and the scope of the appeal. It is a requirement of Federal Rule of Appellate Procedure 3(c)(1)(b) that a notice of appeal "designate the judgment, order, or part thereof being appealed." While the Supreme Court has made clear that this rule's requirements should be construed liberally, especially in the case of a *pro se* litigant, *see Smith v. Barry*, 502 U.S. 244,

248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), it has further determined that Rule 3(c) is "jurisdictional in nature and that a court may not waive its jurisdictional requirements, even for good cause, if it finds that they have not been satisfied." *Massie v. U.S. Dep't of Hous. and Urban Dev.*, 620 F.3d 340, 348 (3d Cir.2010) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988)).

Muhammad's notice of appeal in this case provides in its entirety as follows:

Notice is hereby given that Charles Muhammad hereby appeals to the Unites States Court of Appeals Third Circuit from the Judgment: It appearing in the above captioned action that plaintiff has failed to pay the initial filing fee or submitted a completed IFP application as directed on May 25, 2012.

It is ordered this 16th day of July 2012. Ordered that this action is hereby dismissed as to all defendants without prejudice and without cost for failure to pay the filing fee or submit an IFP application within 30 days of filing the complaint' entered in this action on the 19th day of July 2012.

Notice of Appeal at 1. Muhammad attached to his notice of appeal written argument wherein he asserts that the District Court previously granted him IFP status—a status that he claims continues despite the court's "clerical misprision"—and that the dismissal order should be vacated. Muhammad also attached a copy of the July 19th dismissal order as well as a copy of the District Court's order issued in D.N.J. Civ. No. 11–cv–03441 wherein he was granted IFP status.[1]

---

1. We note that this order also dismissed the complaint filed by Muhammad at D.N.J. Civ. No. 11–cv–03441 for failure to state a claim.

As in the instant case, that dismissal order was set aside by the District Court in a sua sponte order entered on August 20, 2012.

Muhammad's notice of appeal specifically references only the order dismissing his action without prejudice for failure to take care of the preliminary fee issue. To the extent Muhammad sought review of the District Court's dismissal order at the time he filed his notice of appeal, his appeal is now fatally defective. The District Court's subsequent action in sua sponte setting aside the order of dismissal and granting Muhammad IFP status rendered moot any appeal of the July 19th order. *See Gen. Elect. Co. v. Cathcart*, 980 F.2d 927, 934 (3d Cir.1992) ("[A]n appeal will be dismissed as moot when events occur during [its] pendency ... which prevent the appellate court from granting any effective relief.") (citation omitted).

The District Court did, of course, subsequently issue a final decision on the merits in the order it entered on August 22, 2012. However, as we held quite some time ago, "[i]f an appeal is taken only from a specified judgment, the court does not acquire jurisdiction to review other judgments not specified or fairly inferred' by the Notice." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir.2010) (citing *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir.1977)). Of course, given the liberal construction we afford notices of appeal, we have also held that "we can exercise jurisdiction over orders not specified in the Notice of Appeal if: '(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues.'" *Id.* (quoting *Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 144 (3d Cir.1998)) (internal citation omitted).

We would be hard-pressed to conclude that these conditions are satisfied here. There is little connection between the col-lateral-type order addressing nonpayment of the fee issue and the court's subsequent order dismissing the consolidated actions for lack of legal merit. Additionally, the entirety of the text of Muhammad's notice of appeal is limited to the July 19th order; thus, his intent to appeal the final order entered on August 22nd is not apparent from the face of that document. Moreover, although Muhammad references "all decisions ... in 2012" in his Informal Brief and an appellate court may treat a filing styled as a brief as a notice of appeal, his brief is not a timely filing under Fed. R.App. P. 4. *See Smith*, 502 U.S. at 248–49, 112 S.Ct. 678. Accordingly, if our review were limited to determining the propriety of the July 19th order, the appeal would be moot. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 296 (3d Cir. 2001) (an appellate court does "not have jurisdiction to hear a case that cannot affect the rights the appellant wishes to assert").

We recognize that the "[d]ismissal of an appeal for failure to comply with procedural rules is not favored." *Horner Equip. Int'l, Inc. v. Seascape Pool Ctr., Inc.*, 884 F.2d 89, 93 (3d Cir.1989). Muhammad's notice of appeal includes argument against a "judgment" of dismissal such as the one initially rendered by the District Court in Civ. No. 11–cv–03441, and, in fact, he attaches a copy of that decision to his notice of appeal. A tenuous argument thus can be made that a liberal construction of Muhammad's notice of appeal would stretch far enough to allow us to find Rule 3's requirements satisfied. *See, e.g., United States v. Cheal*, 389 F.3d 35, 53 (1st Cir. 2004) (considering the adequacy of a notice of appeal "in light of general principles that 'encourage us to construe notices of appeal liberally and examine them in the context of the record as a whole.'") (internal citation omitted). As the consolidated actions were disposed of prior to service of

process, there are no other parties to this appeal. Accordingly, the named defendants would not be prejudiced by a merits determination.[2] *See Government of Virgin Islands v. Mills*, 634 F.3d 746, 753 (3d Cir.2011) (quoting *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), and observing that "[g]iven the absence of such prejudice, '[l]ittle would be accomplished by prohibiting the [Appellate Division] from reaching the merits' of Mills' appeal.' "). Accordingly, we conclude that we may review the District Court's final order of dismissal.

The District Court determined that the contentions Muhammad set forth in the complaints filed in the consolidated actions failed to state a claim upon which relief may be granted and that dismissal was appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). We agree. We exercise plenary review over the District Court's order. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000). In doing so, "we must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.' " *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

While Muhammad's filings are a far cry from a model of clarity, it appears he sought relief from the Newark Housing Authority for, *inter alia*, personal injury, false pretenses and breach of contract under the federal Fair Housing Act and the Thirteenth, Fourteenth, Fifteenth and Nineteenth Amendments. He amended his complaint in the consolidated action at Civ. No. 11–cv–03441 to include claims against the U.S. Postal Service and Verizon, alleging some type of "economic substantive due process" violation under the Fourteenth Amendment. However, as the District Court correctly concluded, Muhammad failed to provide a factual basis for his claims for relief. Despite the fact that the District Court permitted Muhammad leave to amend his complaint in the underlying consolidated action and considered numerous supplemental filings—some of which were mailed directly to chambers—and reconsideration motions, Muhammad simply failed to describe any incidents or conduct on the part of the named defendants that would state a plausible claim for relief.

Accordingly, we will affirm the District Court's judgment.

---

2. Muhammad has filed a motion for default judgment. In that motion he requests that he be awarded "30 year Treasury Bonds" of an "unspecified amount with interest plus costs" on account of the named defendants' failure to file an answering brief. As noted, however-

er, defendants were not served in the underlying consolidated actions and, in any event, are under no obligation to file an answering brief on appeal. Accordingly, the motion is denied.