

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: MAUI INDUSTRIAL LOAN & FINANCE CO., <br><br>      Debtor, <br><br> ——————————————————— <br><br> DANE S. FIELD, Chapter 7 Trustee, <br><br>      Plaintiff - Appellee, <br><br>   v. <br><br> RNI-NV LIMITED PARTNERSHIP, a Nevada limited partnership, <br><br>      Defendant - Appellant. | No. 12-15526 <br><br> D.C. No. 1:11-cv-00364-LEK-BMK <br><br><br><br> MEMORANDUM* |
| In the Matter of: MAUI INDUSTRIAL LOAN & FINANCE CO., <br><br>      Debtor, <br><br> ——————————————————— <br><br> DANE S. FIELD, Chapter 7 Trustee, <br><br>      Plaintiff - Appellant, | No. 12-15589 <br><br> D.C. No. 1:11-cv-00364-LEK-BMK |

———————————

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

RNI-NV LIMITED PARTNERSHIP, a
Nevada limited partnership,

Defendant - Appellee.

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 10, 2014
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Defendant RNI-NV appeals the district court's dismissal of its appeal from the bankruptcy court's entry of judgment in plaintiff's favor. We may first consider whether the district court erred in holding it lacked jurisdiction over the appeal (rather than considering our appellate jurisdiction) because "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). We affirm.

The district court concluded that it lacked jurisdiction over RNI-NV's appeal because, at the time that RNI-NV filed its notice of appeal from the bankruptcy

court's decision, the bankruptcy court had not yet issued a final judgment. Although the bankruptcy court had entered summary judgment in plaintiff's favor on three of four claims, one claim remained outstanding. The parties did not stipulate to dismissal of the fourth and final claim until several days after RNI-NV filed its notice of appeal.

Fed. R. Bankr. P. 8002(a) provides, in part: "A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." This court has clarified that it "should construe Bankruptcy Rule 802 [now 8002] in the same manner as [it does] Appellate Rule 4(a)." *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1310–11 (9th Cir. 1994) (first alteration in original) (quoting *In re Brickyard*, 735 F.2d 1154, 1156 (9th Cir. 1984)).

The Supreme Court has instructed that Fed. R. App. P. 4(a)(2) "permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *Firstier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991). Applying *Firstier*, we conclude that the district court correctly dismissed RNI-NV's appeal for lack of

jurisdiction: the bankruptcy court's entry of summary judgment on only three of four claims did not constitute a final, appealable judgment.

Nor does Fed. R. Bankr. P. 8003(c) vest the district court with jurisdiction. The district court correctly concluded that even if it could entertain RNI-NV's interlocutory appeal from the bankruptcy court's grant of partial summary judgment under Rule 8003(c), the bankruptcy court's final judgment subsequently entered, which RNI did not timely appeal, "would remain in full force and effect."

**AFFIRMED.**