BLD-029                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1913
_____

CARL S. ROBINSON,
                                        Appellant

v.

BUREAU OF HEALTH CARE SERVICES, Food Service Division;
BUREAU OF ADMINISTRATION FOR CENTRAL OFFICE;
BERNADETTE MASON, Superintendent; LORI WHITE, Deputy Superintendent;
CORRECT CARE SOLUTIONS, LLC; JENNA WILLIAMS, Physician's Assistant;
JOHN STEINHART, SCI Mahanoy's Medical Department Administrator;
DR. BADDICK; CAREY RITSKO; C. STANITIS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-02406)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2022

Before: AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: December 29, 2022)

OPINION<sup>*</sup>

PER CURIAM

Pro se appellant Carl Robinson appeals from the District Court's order adopting the Report and Recommendation ("R & R") of a Magistrate Judge, which recommended, inter alia, that defendants' motions to dismiss be granted. We will summarily affirm.

Robinson filed an in forma pauperis complaint in December 2020 against correctional officials and employees, medical providers, and the Bureaus of Health Care Services and Administration of the Central Office at S.C.I. Mahanoy, where he was an inmate. He sought $500,000 in damages and injunctive relief for alleged violations of the Eighth Amendment to the U.S. Constitution. See Dkt. No. 1 at 8. Specifically, he claimed that all defendants acted deliberately indifferently by failing to provide an adequate gluten-free diet with no animal products and that the Business Office and one of its employees violated the Eighth Amendment, state law, and prison policy in failing to provide his medical records.[1] Dkt. No. 1 at 7-8.

The medical provider defendants moved to dismiss for failure to state a claim or, in the alternative, for summary judgment. Dkt. No. 24. The prison officials also moved

---

<sup>*</sup> This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Robinson also alleged that his prison physician and physician's assistant did not personally review his actual test results with him, but just orally communicated the results to him. Dkt. No. 1 at 19.

to dismiss the complaint for failure to state a claim. Dkt. No. 26. On March 14, 2022, the Magistrate Judge recommended: (1) dismissing the claims against the Bureaus of Health Care Services and Administration of the Central Office as barred by the Eleventh Amendment; (2) granting both motions to dismiss based on the arguments the parties offered; and (3) in the alternative, dismissing sua sponte the claims against the medical providers for failure to assert an Eighth Amendment claim. Dkt. No. 46. On May 2, 2022, the District Court, over Robinson's objections, entered an order adopting the Magistrate Judge's R&R in its entirety and granted the defendants' motions to dismiss. Dkt. No. 55. Robinson filed this timely appeal.[2]

We have jurisdiction under 28 U.S.C. § 1291.[3] We exercise plenary review over the dismissal of the complaint. Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d

---

[2] In his notice of appeal, Robinson specified a judgment entered April 14, 2022, while arguing the merits of the claims he raised in his complaint and claiming that the District Court erred in denying his motion to appoint counsel. Dkt. No. 57 at 2, 4-6. Because no order was entered on April 14, 2022, we will treat his notice as appealing from the District Court's May 2, 2022, order adopting the Magistrate Judge's R&R as well as an earlier order denying his counsel motion. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 387 (1978) (describing the commonsense, purposive approach to evaluating a notice of appeal); see also FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276 n.6 (1991).

[3] As a general rule, this Court's jurisdiction is limited to the review of final decisions of the district courts. 28 U.S.C. § 1291. When Robinson filed his notice of appeal of the May 2, 2022, order, appellate jurisdiction was lacking because the District Court did not dismiss the complaint with prejudice and was still considering whether it would permit Robinson to amend his complaint. Dkt. No. 55 at 1 n.1; see Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). However, we now have jurisdiction because the District Court subsequently issued its June 2, 2022, order denying Robinson's motion to amend because the amendment would be futile. See Borelli, 532 F.2d at 952 (explaining

3

Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4.

First, the District Court properly dismissed Robinson's Eighth Amendment claims for money damages against the prison's Bureau of Healthcare Services and Bureau of Administration for Central Office as barred by the Eleventh Amendment and the text of 42 U.S.C. § 1983.[4] See U.S. Const. amend XI; Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996); Lavia v. Pa., Dept. of Corr., 224 F.3d 190, 195 (3d Cir. 2000) ("Corrections . . . shares in the Commonwealth's Eleventh Amendment immunity."); Will v. Mich. Dept. of State Police, 491 U.S. 58, 64 (1989) ("[A] State [and its agencies are] not a person within the meaning of § 1983.").

Second, the District Court correctly concluded that Robinson failed to allege any facts to constitute a constitutional violation. Robinson's allegations regarding discrete and rare instances of nonconformity with his requests for a gluten-free diet with no animal products do not rise to the level of severity required by the Eighth Amendment.

---

that an order becomes final and appealable if a plaintiff stands on his complaint or cannot amend).

[4] Also, Robinson's claims for injunctive relief were mooted by his transfer from SCI-Mahanoy to SCI-Green. Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."). To the extent Robinson asked the court to declare that the defendants had violated the Constitution in the past, Dkt. No. 1 at 21, this request does not amount to a request for declaratory relief. Declaratory relief is "prospective in nature," CMR D.N. v. City of Philadelphia, 703 F.3d 612, 628 (3d Cir. 2013), and Robinson's request seeks retrospective relief, see Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 50 U.S. 139, 145-46 (1993).

See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (explaining that prison officials "must provide humane conditions of confinement" including ensuring "that inmates receive adequate food"); Africa v. Com. of Pa., 662 F.2d 1025, 1036 n.23 (3d Cir. 1981) ("While the Commonwealth does not run afoul of the [E]ighth [A]mendment by refusing to provide [the prisoner] with what he wants, it may do so by refusing to provide him with what he needs."); cf. Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1974) ("[U]nder certain circumstances a *substantial* deprivation of food may well be recognized as being of constitutional dimension." (emphasis added)).

The District Court was also correct to dismiss Robinson's claims that the defendants were deliberately indifferent to any serious medical need, because, as he recounted, prison medical personnel addressed his health concerns and tested him for celiac disease. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) ("Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation.") (citations omitted).[5] Moreover, the District Court properly determined that Robinson has not alleged that the staff knew of and disregarded any risk to his health and safety in responding to his requests to transmit and personally review his

---

[5] The District Court properly dismissed Robinson's claim against Correct Care Solutions, LLC because he failed to allege any facts about a policy or practice implicating the corporation, as required to hold a private corporation liable under § 1983. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).

medical records in accordance with the prison's request-for-information policy.  Farmer, 511 U.S. at 837.

To the extent Robinson asserted claims of negligence or medical malpractice under the Eighth Amendment, the District Court was correct in its dismissal: a more culpable state of mind is required.  Farmer, 511 U.S. at 834-35; see Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  The District Court also properly dismissed his claim of negligence against prison medical providers under state law because he failed to submit a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3.  Pa. R.C.P. No. 1042.3; cf. Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011) (holding that Pa. R.C.P. 1042.3 "is substantive law under the Erie [v. Tompkins, 304 U.S. 64 (1938)] Rule and must be applied as such by federal courts").

Finally, the District Court did not abuse its discretion in denying without prejudice Robinson's motion to appoint counsel, which he filed before service was effectuated on the defendants.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Accordingly, we will affirm the judgment of the District Court.

6