NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  BURL ANDERSON HOWELL,**
*Petitioner*

---

2024-101

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 23-1119, Judge Joseph L. Falvey, Jr.

---

## ON PETITION AND MOTION

---

PER CURIAM.

## O R D E R

On October 2, 2023, Burl Anderson Howell filed this petition for a writ of mandamus "for review of the interlocutory Order of August 4, 2023 in the [United States] Court of Appeals for Veterans Claims." Pet. at 1.  Mr. Howell also moves for leave to proceed *in forma pauperis*.

Mr. Howell filed an appeal with the Veterans Court regarding an earlier Board of Veterans' Appeals decision.  On July 18, 2023, a single judge issued a decision dismissing the appeal.  Mr. Howell's motion for single judge reconsideration was denied on August 4, 2023.  And, after granting

reconsideration, a panel of the court affirmed the single-judge order on October 11, 2023.

As a threshold matter, we must consider whether Mr. Howell has an alternative adequate means by which to challenge the decision of the Veterans Court. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (holding that a party seeking a writ bears the burden of proving that it has no other means of attaining the relief, such as by appeal); *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (stating "whatever may be done without the writ may not be done with it").

To appeal a judgment of the Veterans Court as a matter of right, a party must file a timely notice of appeal. To satisfy that requirement, the notice must set forth (1) the party taking the appeal, (2) the judgment, order, or part thereof being appealed, and (3) the name of the court to which the appeal is taken. Fed. R. App. P. 3(c); *see* Fed. Cir. R. 1(a)(1)(D). Mr. Howell's petition meets these requirements. *See Foman v. Davis*, 371 U.S. 178, 181–82 (1962). And if treated as a notice, instead of a mandamus petition, his appeal would now be deemed timely. 38 U.S.C. § 7292; 28 U.S.C. § 2107(b); *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 272–73 (1991).

Because we conclude Mr. Howell's submission allows him to pursue his challenge to the Veterans Court's judgment on direct appeal, it follows that mandamus relief is not appropriate, since such relief is available only when a party has no other adequate means to obtain relief. We therefore deny the petition and forward the submission to the Veterans Court to be docketed as a notice of appeal.

Accordingly,

IT IS ORDERED THAT:

(1)   The petition is denied because the matter is treated as a timely notice of appeal. The Clerk of Court shall forward ECF No. 2 to the United States Court of Appeals for

Veterans Claims for docketing as a notice of appeal, filed on October 2, 2023.

(2) The motion for leave to proceed *in forma pauperis* is granted. No fee is required for Mr. Howell's new appeal.

FOR THE COURT

November 7, 2023
Date

Jarrett B. Perlow
Clerk of Court