24-3078-cv
*Brown v. Montefiore Health Sys., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

---

IVALEE BROWN,

> *Plaintiff-Appellant,*

v.                                                                24-3078-cv

MONTEFIORE HEALTH SYSTEM, INC., doing business as Montefiore Medical Center, MIRIAM PAPPO, CORVEL INC, MARY-ANN LATOUR,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          Tricia S. Lindsay, Esq., Mount Vernon, New York.

FOR DEFENDANTS-APPELLEES:          Emily Haigh and Joseph E. Field, Littler Mendelson, P.C., New York, New York.

Appeal from orders of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court, entered on September 17, 2024 and October 22, 2024, are **AFFIRMED IN PART** and **VACATED IN PART**, and the action is **REMANDED** to the district court for further proceedings consistent with this order.[1]

Plaintiff-Appellant Ivalee Brown appeals from the district court's orders, granting the motion to dismiss the amended complaint filed by Defendants-Appellees Montefiore Health System, Inc., doing business as Montefiore Medical Center, and Miriam Pappo (collectively, "Montefiore"), for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] Brown asserted thirteen claims arising from her employment at Montefiore Medical Center ("MMC") as a registered dietician, including race discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the New York State Human Rights Law,

---

[1] As a preliminary matter, we note that the district court did not enter judgment as required by Federal Rule of Civil Procedure 58(a). "A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Fed R. App. P. 4(a)(7)(B). Where no judgment has been entered but the "district court announces a decision that *would be* appealable if immediately followed by the entry of judgment," we will permit an appeal under Federal Rule of Appellate Procedure 4(a)(2). *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991) (emphasis in original). Because the district court disposed of all of Brown's claims and indicated that "[t]he Clerk of the Court shall mark this matter as closed," Dist. Ct. Dkt. No. 59, we consider this a final decision under 28 U.S.C. § 1291. *See Xeriant, Inc. v. Auctus Fund LLC*, 141 F.4th 405, 410 n.5 (2d Cir. 2025). In addition, we consider this judgment to have been entered 150 days after the district court's October 22, 2024, order, *see* Fed. R. Civ. P. 58(c)(2)(B), and deem the notice of appeal timely filed as of that date, *see* Fed. R. App. P. 4(a)(2). Therefore, we conclude that we have jurisdiction over this appeal.

[2] Moreover, to the extent that Brown also attempts to appeal the dismissal of her claims against Defendants-Appellees Corvel Inc. and Mary-Ann LaTour, Brown has failed to specifically address those claims in her appellate briefs and, thus, has waived any challenges to the district court's dismissal of those claims. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Thus, we address only the dismissal of claims against Montefiore.

N.Y. Exec. Law §§ 290 *et seq.* ("NYSHRL").[3]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review *de novo* the district court's dismissal of a complaint under Rule 12(b)(6).  *See Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025).  A complaint survives a Rule 12(b)(6) motion to dismiss if it alleges sufficient facts that, when taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim.  *See MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 95 (2d Cir. 2023).

To the extent Brown challenges on appeal the district court's dismissal of the non-discrimination claims, the discrimination claims under 42 U.S.C. §§ 1981 and 1983, her claims for retaliation and disability discrimination under the NYSHRL, and her claims under the Americans with Disabilities Act, we affirm for substantially the reasons articulated by the district court.  However, as set forth below, we conclude that the district court erred in determining that Brown failed to allege plausible race discrimination claims under Title VII and NYSHRL based upon both disparate treatment in connection with her termination and on a hostile work environment.[4]

---

[3] In addition to her claims under Title VII and NYSHRL, Brown brought claims for discrimination under 42 U.S.C. §§ 1981 and 1983, "vicarious liability," fraudulent misrepresentation, abuse of process, civil conspiracy, negligent supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, gross negligence, breach of the covenant of good faith and fair dealing, and a violation of the Americans with Disabilities Act.

[4] Historically, claims under the NYSHRL were evaluated using the same standard as Title VII.  However, the statute was amended in 2019 to align the NYSHRL with the New York City Human Rights Law's more liberal pleading standard.  *See* N.Y. Exec. Law § 300 (requiring that the NYSHRL be "construed liberally for the accomplishment of the remedial purposes thereof").  Because we conclude that Brown plausibly alleged discrimination claims under the federal standard (as discussed *infra*), we reach the same conclusion under the more liberal NYSHRL pleading standard.

## I.    Disparate Treatment Claim

"[F]or a discrimination claim to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (alterations adopted) (internal quotation marks and citation omitted). There is no dispute that Brown (who is Black) was a member of a protected class, that she was qualified for her position as a registered dietician, and that her termination was an adverse employment action.

Thus, as the district court did, we focus on whether the allegations in the amended complaint are sufficient to plausibly support that her termination was motivated by race or color. "In making the plausibility determination, the court must be mindful of the elusive nature of intentional discrimination" and that it may be "easily conceal[ed]." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). As such, the plaintiff's burden at this stage is "minimal": she need only allege facts that "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2015).

Brown alleges that her termination in 2022, after working at MMC for more than 20 years (including as a registered dietician), was motivated by the racial animus of her supervisor, Miriam Pappo, who is white. Although the district court held that Brown's allegations were too conclusory to support a plausible claim, we disagree. In particular, the amended complaint alleges, *inter alia*, that: (1) Brown was the only Black employee in MMC's Clinical Nutrition Department, App'x at 4; (2) Pappo, since being placed in her role as Director of the Department, has hired only one other Black employee, despite numerous hires over the years, *id*.; (3) Pappo was enthusiastic about that

4

employee's qualifications upon reviewing her written application materials, but after the applicant arrived for her interview—thus revealing her race—Pappo instead opted to hire a less qualified white male, *id.* at 5; (4) Pappo subsequently hired that Black applicant for a subordinate position as a "relief" dietician only after receiving pressure from staff, *id.*; (5) another Black former employee, who was terminated in 2019 and replaced by a white employee, also complained of discrimination by Pappo, including that Pappo "pressured, intimidated, and discriminated against her, failed to properly train her, and openly mocked and scolded her in front of other employees[,]" which, according to Brown, was the "exact same treatment [she] was subjected to at the hands of [Pappo]," *id.* at 26–27; and (6) Brown heard Pappo "disparag[e] communities which have [] largely Black demographic[s] in favor of those with largely white demographic[s]," *id.* at 27.[5]

The amended complaint further alleges that Pappo, motivated by this racial animus, engaged in a campaign of harassment to prompt Brown's termination, including refusing to allow Brown to cover a particular colleague's work shifts and offering those shifts to white dieticians, refusing to provide Brown with the proper ergonomic workstation to accommodate her medical needs resulting from a work-related injury, initially denying her the opportunity to serve as a preceptor for New York University oncology interns while all other dieticians in the department (who were white) served in that role, and submitting false information regarding Brown's workers'

---

[5] Although Montefiore asserts that "a plaintiff in a discrimination case cannot rely on allegations made by other employees as evidence to bolster their own discrimination claims," Appellees' Br. at 14, that assertion is incorrect. It is well settled that "[e]vidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990); *see also Lieberman v. Gant*, 630 F.2d 60, 68–69 (2d Cir.1980) (noting that "[e]vidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case"). Similarly, with respect to a hostile work environment claim, we have emphasized that, "because the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim." *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir. 2000) (alteration adopted) (internal quotation marks and citation omitted).

compensation case "in hopes that [Brown] would be terminated or resign." App'x at 19; *see Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009) (explaining that "an inference of discriminatory intent may be derived from a variety of circumstances, including, but not limited to: . . . the sequence of events leading to the plaintiff's discharge" (internal quotation marks and citation omitted)). "Because discrimination claims implicate an employer's usually unstated intent and state of mind, . . . rarely is there direct, smoking gun, evidence of discrimination." *Vega*, 801 F.3d at 86 (internal quotation marks and citations omitted). As such, even if alleged "instances of disparate treatment may not separately rise to the level of adverse employment actions, [a plaintiff] is permitted to create a mosaic with the bits and pieces of available evidence that, taken together, support a plausible inference of intentional discrimination." *Buon*, 65 F.4th at 84 (alterations adopted) (internal quotation marks and citation omitted); *accord Vega*, 801 F.3d at 86–87; *see also Stratton v. Dep't for the Aging for City of New York*, 132 F.3d 869, 879 n.6 (2d Cir. 1997) ("Actions taken by an employer that disadvantage an employee for no logical reason constitute strong evidence of an intent to discriminate.").

Taking these and other allegations in the amended complaint collectively, and construing them in the light most favorable to Brown, we conclude that she has met the minimal burden of alleging facts that give rise to a plausible inference of discrimination with respect to her termination. *See Vega*, 801 F.3d at 87 (explaining that, at the motion to dismiss stage, "the question is not whether a plaintiff is likely to prevail, but whether the well-pleaded factual allegations plausibly give rise to an inference of unlawful discrimination, *i.e.*, whether plaintiffs allege enough to 'nudge their claims across the line from conceivable to plausible.'" (alteration adopted) (emphases omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## II. Hostile Work Environment Claim

To state a hostile work environment claim, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (per curiam) (alteration adopted) (internal quotation marks and citation omitted). "Ultimately, to avoid dismissal under [Rule] 12(b)(6), a plaintiff need only plead facts sufficient to support the conclusion that she was faced with harassment of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Id*. (alteration adopted) (internal quotation marks and citation omitted). In considering whether a plaintiff has stated a hostile work environment claim, "courts should examine the totality of the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the victim's job performance." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) (alterations adopted) (internal quotation marks and citation omitted).

In addition to the allegations summarized above in connection with the disparate treatment claim, the amended complaint contains other allegations of Pappo's treatment of Brown in support of the hostile work environment claim based on her race. For example, it alleges that "[Brown] was left out of research assignments, had duties and responsibilities removed from her without notice, [and was] berated and demeaned before her colleagues." App'x at 28. The amended complaint further alleges that Brown was subject to "excessive scrutinization and micromanaging of her work, actions[,] and whereabouts, [] isolation from her co-workers, [the] removal of duties

7

and responsibilities, [and the] denial of professional opportunities" which, "coupled with the continuous denial of her rightfully earned benefits, [was] all a part of the ongoing discrimination which [] created a very hostile work environment affecting [her] physical, mental and emotional" condition. *Id*. If proven, the alleged conduct, when considered in its totality and construed in the light most favorable to Brown, could plausibly be sufficiently pervasive or severe to constitute a hostile work environment.

Moreover, although these alleged instances are not specifically linked to Plaintiff's status in a protected class (such as with specific alleged comments), it is well-settled that "[f]acially neutral incidents may be included, of course, among the 'totality of the circumstances' that courts consider in any hostile work environment claim." *Alfano v. Costello*, 294 F.3d 365, 378 (2d Cir. 2002). Again, in reviewing the totality of the circumstances, especially where Brown alleges that she and two other named Black co-workers were treated differently than similarly situated white co-workers in a number of material respects, she has plausibly alleged that the alleged harassment could be related to her status in a protected class, even if such status was not referenced specifically by anyone in connection with the alleged conduct.

In sum, we conclude that Brown sufficiently alleged a plausible hostile work environment claim.

\*          \*          \*

Accordingly, we **VACATE** the orders of the district court insofar as they dismissed Brown's discrimination claims and **AFFIRM** the orders in all other respects. We **REMAND** this action to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8